## Case No. 12,875.

### SIMONDS v. UNION INS. CO.

[1 Wash. C. C. 382; [1] 4 Dall. 417.]

Circuit Court, D. Pennsylvania. April Term, 1806.

MARINE INSURANCE—RIGHT TO ABANDON—CARGO—FREIGHT.

1. Where an insurance is made upon goods and freight from New-York to Cape Francois, and, if prevented entering that port, to some other port mentioned in the policy; and the vessel is prevented by a blockading squadron from entering any one of the designated ports, and is obliged to end her voyage; it is a loss within one of the perils insured against, the voyage being completely broken up; and the insured has a right to abandon.

[Cited in Seton v. Delaware Ins. Co., Case No. 12,675.]

2. The same principles apply to an insurance on freight, although the owner of the vessel was also owner of the cargo.

On the 12th of September 1803, two policies of insurance were signed by this company; the one on goods, and the other on the freight of the schooner Diana, at and from New-York to Cape Francois, with liberty to proceed to one other port, should the cape be blockaded, and the vessel prevented from entering there, from that, or any other cause, and at and from thence back to New-York; the cargo

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

valued at 4,000 dollars, and the freight at 1,500 dollars.

The vessel sailed on the voyage on the 19th September 1803, with orders to the captain to proceed to Cape Francois; and if he could not enter that port, in consequence of its being blockaded, or from any other cause, he was then to go to Port au Prince, or to some other port within the bite of Leogan. On the 8th of October, the vessel arrived off the cape, when she was boarded by a British squadron, blockading that port; and the commodore, after perusing the captain's instructions, informed him, that he should not enter the cape, or any other port in the island of St. Domingo, but that he must go to Jamaica, under convoy of a frigate, which he should send to conduct her to Kingston, and that he was to keep within musket shot of the frigate, during the voyage, under pain of being fired into. The captain then requested leave to go to Cuba; but was refused; and he was informed that he should go to no other place but Jamaica. The vessel was accordingly carried in, by the frigate, to Kingston, where her cargo was unladen, under the care of a custom house officer, who had previously refused to permit the captain to clear out to any other, than a port in the island. The cargo was delivered by the captain into the custody of a merchant at Kingston, who advanced a part of its value, and the captain then returned to New-York. The cargo sold for 3,600 dollars. On notice of what had happened, the plaintiff abandoned to the underwriters, which was refused.

Mr. Dallas, for the defendants, contended, 1st, that the plaintiff could not abandon, from the terms stipulated in the order for effecting the insurance; which stated, that the plaintiff was not to abandon, if the vessel should be prevented from entering the port of Cape Francois, from blockade or other cause, but with liberty to proceed to some other port. Secondly. That on general principles, the plaintiff could not abandon. If he could not enter at the cape, he was at liberty to go to some other port. He did so. Kingston was that other port. If a vessel is prevented from entering a port, because it is blockaded, it is not a cause of abandonment. He cited the following cases: 1 Esp. 237; 2 Marsh. Ins. 434; 2 Burrows, 1198, 1212; 1 Term R. 107; 3 Bos. & P. 388; 5 Esp. 50; Miller, 305; 5 Term R. 388.

On the other side, it was contended by Mr. Rawle, for the plaintiff, that the other port to which the liberty of going was insured, was mentioned in the captain's instructions, viz.: Port au Prince, or some other port in the bite of Leogan. That being prevented by one of the perils insured against, from proceeding to any port in the island of St. Domingo, and compelled to go to Jamaica, was a total destruction of the voyage; and therefore, the plaintiff had a right to go for a total loss of cargo and freight, giving credit for what the cargo sold for.

WASHINGTON, Circuit Justice (charging jury). The voyage insured, is from New-York to Cape Francois; and if prevented from entering there, then to some other port, mentioned in the orders to the captain. If the jury should be of opinion, on the evidence, that the captain was prevented, by the British squadron, from entering any of the ports mentioned in the instructions, and was compelled to end his voyage at Jamaica; then it was within one of the perils insured against, and the voyage was completely broken up. If so, the insured was at liberty to abandon, and claim for a total loss. As to the freight, the same principle applies. The voyage being defeated, the freight was lost. This would certainly have been the case, had the vessel and cargo belonged to different persons; and there is no difference, where the owner of the one, is also owner of the other.

The jury found the whole sum for plaintiff.

[For hearing on motion for a new trial, see Case No. 12,876.]